WINSTON & STRAWN LLP
Andrew P. Bridges - #122761
Jennifer A. Golinveaux - #203056
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys For Defendant
MASTERCARD INTERNATIONAL INCORPORATED

(Additional counsel on second page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PERFECT 10, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>VISA INTERNATIONAL SERVICE ASSOCIATION; FIRST DATA CORP., a corporation; CARDSERVICE INTERNATIONAL, INC., a corporation; MASTERCARD INTERNATIONAL INCORPORATED, a corporation; HUMBOLDT BANK, a national banking association; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. C 04 0371 JW (PVT)<br><br>**MEMORANDUM OF DEFENDANTS MASTERCARD INTERNATIONAL INCORPORATED; FIRST DATA CORP.; CARDSERVICE INTERNATIONAL, INC.; AND HUMBOLDT BANK IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: November 15, 2004<br>Time: 9:00 a.m.<br>Dept: Courtroom 8, 4th Floor<br>Judge: Honorable James Ware |

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE, AND HUMBOLDT SUPPORTING
DEFENDANTS' MOTION TO DISMISS 1ST AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)

KEKER & VAN NEST, LLP
ROBERT A. VAN NEST - #84065
MICHAEL H. PAGE - #154913
R. JAMES SLAUGHTER - #192813
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
FIRST DATA CORP.; CARDSERVICE INTERNATIONAL, INC.; and HUMBOLDT BANK

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE, AND HUMBOLDT SUPPORTING
DEFENDANTS' MOTION TO DISMISS 1ST AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)Case No. C 04 0371 JW (PVT)

SF:92644.3

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii

I.  INTRODUCTION .................................................................................................................... 1

II. ARGUMENT ............................................................................................................................ 3

   A.  Plaintiff's Amended Complaint Fails to State a Claim for Copyright Infringement. ........... 3

      1.  Plaintiff Has Again Failed to Allege Facts Sufficient to Support a Claim of   Contributory Copyright Infringement. .................................................................. 4

      2.  Plaintiff Has Again Failed to Allege Facts Sufficient to Support a Claim of Vicarious Copyright Infringement. ........................................................................ 7

   B.  Plaintiff's Amended Complaint Again Fails to State a Claim for Trademark Infringement. ........................................................................................... 10

   C.  Plaintiff's Amended Complaint Again Fails To State A State Trademark Violation. .................................................................................................... 11

   D.  Plaintiff's Amended Complaint Again Fails to State a Claim for Violation of Publicity Rights ..................................................................................... 11

   E.  Plaintiff's Amended Complaint Again Fails to State a Claim for Unfair Competition. ....................................................................................................... 12

   F.  Plaintiff's Amended Complaint Again Fails to State a Claim for False Advertising ............................................................................................................. 13

III. CONCLUSION ...................................................................................................................... 14

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE, AND HUMBOLDT SUPPORTING
DEFENDANTS' MOTION TO DISMISS 1ST AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)Case No. C 04 0371 JW (PVT)

SF:92644.3

ii

# TABLE OF AUTHORITIES

## CASES

**Page**

*A&M Records Inc. v. Napster, Inc.,*
239 F.3d 1004 (9th Cir. 2001) ...................................................................................................6

*Albrect v. Lund,*
845 F.2d 193, 195-196 (9th Cir. 1988) ......................................................................................3

*Ellison v. Robertson,*
357 F.3d 1072 (9th Cir. 2004) ................................................................................................4,7

*Emery v. Visa International Service Association,*
95 Cal. App. 4th 952 (2002) ....................................................................................................12

*Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,*
955 F.2d 1143 (9th Cir. 1992) .................................................................................................11

*Howard v. America Online Inc.,*
208 F.3d 741 (9th Cir. 2000) .....................................................................................................5

*Lockheed Martin Corp. v. Network Solutions, Inc.,*
194 F.3d 980 (9th Cir. 1999) ...................................................................................................11

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Inc.,*
2004 WL 1853717 (9th Cir. 2004) ..................................................................................1,4,6,9

*Perfect 10, Inc. v. Visa International Service Association*
2004 WL 1773349 (N.D.Cal. Aug. 6, 2004) ...................................................................passim

*Sony Corp. v. Universal City Studios, Inc.,*
464 U.S. 417 (1984) .................................................................................................................10

## STATUTES

15 U.S.C. § 1125(a) .................................................................................................................12

17 U.S.C. § 106 .........................................................................................................................9

California Business & Professions Code § 14335 ..............................................................12,13

California Business & Professions Code §§ 17200 *et seq* .....................................................13

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE, AND HUMBOLDT SUPPORTING
DEFENDANTS' MOTION TO DISMISS 1ST AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)Case No. C 04 0371 JW (PVT)

SF:92644.3

iii

Defendants MasterCard International Incorporated; First Data Corp.; Cardservice International, Inc.; and Humboldt Bank ("Moving Defendants") submit this memorandum in support of their motion to dismiss the First Amended Complaint ("Amended Complaint") of Plaintiff Perfect 10, Inc. ("Plaintiff").[1]

The amended complaint is merely a minor variation of the original complaint, and the Court recently analyzed the original complaint in detail when previously dismissing the action. *See* August 6, 2004 Order Granting Defendants' Motion to Dismiss (reported at 2004 WL 1773349) ("August 6 Order").  For that reason, in this motion Moving Defendants specifically rely upon the original complaint, the papers on the motion to dismiss that complaint, and the Court's August 6 Order.[2]  This memorandum will largely focus on new matter in the amended complaint and the intervening decision of the Ninth Circuit in *Metro-Goldwyn-Mayer v. Grokster*, -- F.3d --, 2004 WL 1853717 (9th Cir. 2004), which further supports Defendants' arguments in this case.

## I. INTRODUCTION

Despite clear guidance from this Court, Plaintiff has filed an Amended Complaint that once again fails to state facts sufficient to support its causes of action against Defendants.  The essential facts alleged in Plaintiff's amended complaint are the same as in the original complaint. While Plaintiff has tinkered with language in its amended complaint, it has not corrected the fatal flaw in its theories: it cannot allege that Defendants have materially contributed to, or have the ability to control, the *alleged infringing conduct* of third parties.  As this Court made clear in its August 6 Order, allegations of mere business support of third parties are not enough to state a claim for secondary liability for their alleged violations.

---

[1] Defendant Visa International Service Association is filing its own motion and supporting papers.
[2] This motion relies on the Court's August 6 Order as primary authority.  Many of the arguments made in Defendants' briefing for their motion to dismiss the original complaint are relevant to this motion as well, as most of Plaintiff's amended complaint is repeated from its original complaint. Rather than repeating all of the earlier arguments here, Moving Defendants specifically rely upon the earlier filings in this case in conjunction with this motion.  To the extent that it is required, Moving Defendants ask the Court to take judicial notice of those prior filings in its consideration of this motion.

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE, AND HUMBOLDT SUPPORTING  DEFENDANTS' MOTION TO DISMISS 1ST AMENDED COMPLAINT
C 04 0371 JW  (PVT)

1

SF:92644.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Plaintiff's original complaint alleged that Defendants were secondarily liable for copyright and trademark infringement, false advertising, unfair competition and related claims simply because they provide payment processing services to websites that allegedly violate Plaintiff's rights.[3] Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim. Following a hearing on Defendants' motion, the Court dismissed the action because Plaintiff had wholly failed to plead facts that showed that the Defendants materially contributed to the infringing activity (rather than just the general business) of the third party websites or that Defendants had the ability to control the websites' alleged infringing activity. Without facts showing a material contribution to the infringing activity or the ability to control the infringing activity, the Court concluded that Plaintiff failed to state *any* claim. *See* August 6 Order. In its Order the Court clearly specified that, in an amended complaint, Plaintiff would have to establish a relationship between the financial services provided by Defendants and the *allegedly infringing activity* of the third party websites. The Court emphasized that the mere fact that Defendants may provide financial services to the website businesses was insufficient to state a claim for any of the alleged causes of action. *See* August 6 Order at 6:15, 8:14-15.

Plaintiff has now filed its amended complaint, in which it reasserts each of the causes of action from its original complaint, except those for libel and intentional interference (which were dismissed with prejudice) and an improper claim for injunctive relief. Despite the Court's order, Plaintiff failed to set forth any new factual allegations that show material support of, or the ability to control, the infringing conduct. Despite assurances to the Court at the hearing on the earlier motion to dismiss that Plaintiff had additional facts to support its allegations if given the opportunity to amend, the only significant additions in the amended complaint are factual allegations relating to a purported Cardservice International Merchant Agreement (the "CSI Merchant Agreement") (which

---

[3] Plaintiff also alleged causes of action for libel and intentional interference with economic relations based upon Defendants' termination of services to Plaintiff. The Court dismissed these claims with prejudice in its August 6 Order.

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE,
AND HUMBOLDT SUPPORTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)                              2                                    SF:92644.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  Plaintiff alleges is typical of agreements between merchants and acquiring banks used throughout

2  the Visa and MasterCard system).  As set forth below, however, there is nothing new in Plaintiff's

3  allegations that would cure the deficiencies in Plaintiff's original complaint.[4]

4  Not only is there no support in the law for imposing liability on Defendants in this

5  case based merely upon the fact that they provide payment processing services to allegedly

6  infringing third party websites, but to do so would expand the concepts of contributory and vicarious

7  copyright and trademark infringement beyond any workable standard.  At the end of the day, Perfect

8  10 has never been able to distinguish Defendants from the electric company, the phone company or a

9  janitorial service – all companies without which the third party websites could not operate, but also

10 companies that do not contribute to or control the alleged infringing conduct of third party websites.

11 Because Plaintiff has again wholly failed to plead facts sufficient to state a cause of action as to its

12 remaining claims, the Court should grant Moving Defendants' motion to dismiss Plaintiff's amended

13 complaint with prejudice.[5]

14 **II.    ARGUMENT**

15 **A.    Plaintiff's Amended Complaint Fails to State a Claim for Copyright Infringement.**

16 As in its original complaint, Plaintiff's first claim is for copyright infringement.[6]

17 Plaintiff again does not attempt to allege that Defendants directly infringe its copyrights.  Rather, it

18 alleges that Defendants are liable for contributory and vicarious copyright infringement.  Amended

19 Complaint, ¶¶ 85-101.  Because Plaintiff has not alleged (and cannot allege) facts sufficient to state a

---

[4] For ease of reference, Moving Defendants attach to this memorandum as Appendix A a "redlined" version of the amended complaint, which shows the variations from the original complaint.

[5] While courts routinely grant plaintiff one opportunity to amend, leave to amend is properly denied where it is evident that further amendments are futile and where, as here, the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law. *See Albrect v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

[6] The causes of action set forth in Plaintiff's amended complaint and which begin on page 22 are nearly verbatim those set forth in its original complaint, the only exceptions being that Plaintiff has deleted identification of individual copyright registrations in its first claim for relief and substituted the word "list" for the word "listing" in its fifth claim for relief.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

claim for either contributory or vicarious copyright infringement, Plaintiff's first cause of action should be dismissed with prejudice.

### 1. **Plaintiff Has Again Failed to Allege Facts Sufficient to Support a Claim of Contributory Copyright Infringement.**

As set forth in the Ninth Circuit's recent *Grokster* decision, "[t]he three elements required to prove a defendant liable under the theory of contributory copyright infringement are (1) direct infringement by a primary infringer, (2) knowledge of the infringement, and (3) material contribution *to the infringement*." *Metro-Goldwyn-Mayer v. Grokster*, -- F.3d --, 2004 WL 1853717 *5 (9th Cir. 2004) (emphasis added) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). For purposes of this motion, the element of direct infringement is not disputed, and Moving Defendants need not address here the "knowledge" prong. Because the allegations set forth in Plaintiff's amended complaint fail to state facts sufficient to constitute a material contribution by Defendants to allegedly infringing third-party conduct, Plaintiff's claim for contributory infringement must fail.

In its Order granting Defendants' motion to dismiss the original complaint, this Court gave Plaintiff clear guidance as to what would be required to adequately allege material contribution for purposes of contributory copyright infringement. The Court held that "[i]n its amended complaint, Plaintiff must establish a relationship between the financial services provided by Defendants *and the alleged infringing activity* as opposed to the mere operation of the website business." August 6 Order at 7 (emphasis added).

Despite assurances to the Court that it could do so at the July 9 Hearing (*see* July 9, 2004 Hearing on Defendants' Motion to Dismiss Tr. (hereafter "July 9, 2004 Hearing Tr.") at 21:1-31:8), Plaintiff has failed to allege any new facts that would support its claim that Defendants "materially contribute" to underlying infringements of its alleged copyrighted works. While it has refined the language in its amended complaint, for example to add the words "materially contribute"

in several instances, conclusory allegations are insufficient to survive a motion to dismiss. *See Howard v. America Online,* 208 F.3d 741, 750 (9th Cir. 2000).

In its amended complaint, Plaintiff again relies on the mere fact that Defendants provide financial services to the allegedly infringing websites and the fact that Defendants have internal regulations governing with whom they chose to do business. For instance, Plaintiff claims that defendants "materially contribute" to the third party websites infringing activity by:

> authorizing their member banks to acquire customers' payment card charges for access to those websites, in violation of MasterCard and Visa Rules; providing confirmations for charges for the [third party websites], accepting fees for each charge card transaction on the [third party websites]; and failing and refusing to enforce their rules.

Amended Complaint, ¶ 32. Elsewhere in the amended complaint, Plaintiff alleges that Defendants "materially contribute to transactions involving hundreds if not thousands of websites . . . by processing individual MasterCard and Visa charges." *Id.*, ¶ 59. These are the same allegations that were made in Plaintiff's original complaint, however, and were found insufficient by this Court as set forth in its Order dismissing Plaintiff's original complaint. August 6 Order at 6-7. As the Court held, "the ability to process credit cards does not directly assist the allegedly infringing websites in copying Plaintiff's works." August 6 Order at 6.

The only relevant factual addition to Plaintiff's amended complaint relates to terms set forth in an alleged Cardservice International merchant agreement (the "CSI Merchant Agreement"), which Plaintiff alleges is typical of merchant agreements throughout the Visa and MasterCard systems. Amended Complaint, ¶¶ 16-20. The terms alleged from the CSI Merchant Agreement, however, fail to establish any relationship between Defendants (only one of whom, Cardservice International, would even be a party to the agreement) and the allegedly infringing conduct of the so-called "Stolen Content Websites."[7] Plaintiff alleges the following terms of the CSI Merchant Agreement:

---

[7] Of course, Plaintiff invokes an abusive term in order to color its description and, more particularly, to recast CSI's agreement in a misleading and unfavorable light. Because Plaintiff attached a copy of

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE,
AND HUMBOLDT SUPPORTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)                                5                                SF:92644.3

> Paragraph 1.01 of the CSI Merchant Agreement requires Stolen Content Websites to accept all MasterCard and Visa charge cards presented to them.
>
> Paragraph 1.02 of the CSI Merchant Agreement requires Stolen Content Websites to display defendants' promotional materials with defendants' proprietary names and symbols, unless they are 'expressly exempted' by Visa or MasterCard.
>
> Paragraph 3.01, entitled 'Compliance with Law,' imposes the following restrictions on Stolen Content:  Merchant shall comply with all laws, ordinances and regulations applicable to Merchant, Merchant's business and any Card transaction, including without limitation all state and federal consumer credit and consumer protection statutes and regulations. Neither Bank [Humboldt] nor Cardservice International shall have any obligation to notify or advise Merchant of the existence of such laws or changes in such laws. Merchant warrants that it has the right to sell the products it sells and to use the names it uses.
>
> Paragraph 7.01 of the CSI Merchant Agreement requires merchants to use defendants' preapproved forms when accepting payment by credit card.

Amended Complaint, ¶¶ 17-19, 23.  Plaintiff also alleges that the CSI Merchant Agreement contains a right to terminate merchants who violate the CSI Merchant Agreement. *Id.*, ¶ 21.  None of these allegations establish the relationship between the financial services provided by Defendants *and the alleged infringing activity* of third party websites required to establish material contribution.  As the Court stated: "To have engaged in contributory copyright infringement, it is not sufficient for the Defendants to merely have contributed to the general business of the infringer.  To have materially contributed to copyright infringement, 'the . . . assistance must bear some direct relationship to the infringing acts'" August 6 Order at 4 (citations omitted).

During oral argument at the July 9, 2004 Hearing, counsel for Plaintiff argued that the case that best supported his client's claims was the Ninth Circuit's *Napster* decision.  July 9, 2004 Hearing Tr. at 31:9-32:12.  The *Napster* case is clearly distinguishable.  In *A&M Records v. Napster (Napster I),* 239 F.3d 1004 (9th Cir. 2001), the Ninth Circuit held that "Napster provides the site and facilities for direct infringement." *Metro-Goldwyn-Mayer v. Grokster*, 2004 WL 1853717, * 7.

---

CSI's Merchant Agreement to its amended complaint, the Court may (and should) look to that exhibit for "undoctored" language.  Because the exhibit to the amended complaint is barely legible, Defendant Cardservice International furnishes a more legible copy of the same document as Appendix B to this memorandum.

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE,
AND HUMBOLDT SUPPORTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)         6                    SF:92644.3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

*Napster* is distinguishable because it cannot possibly be said that Defendants in this case provide the *site and facilities* for direct infringements by third party websites. Even Plaintiff's argument that Defendants provide "essential financial services" without which the alleged infringing websites could not survive is belied by the obvious fact that Plaintiff itself has survived despite being terminated as a merchant, a point recognized by this Court. The Court observed that Plaintiff's assertion that acceptance of MasterCard and Visa is necessary to an Internet merchant's commercial viability "is belied by facts from the Plaintiff's own complaint. Plaintiff itself was blacklisted by Visa and had its merchant account revoked, yet it still continues to operate its website and accept Visa and Mastercard as payment through an intermediate payment service." August 6 Order at 6.

Because Plaintiff has failed to plead facts sufficient to establish the material contribution prong required to establish contributory copyright infringement, this claim should be dismissed with prejudice.

2. **Plaintiff Has Again Failed to Allege Facts Sufficient to Support a Claim of Vicarious Copyright Infringement.**

To establish a claim for vicarious copyright infringement, Plaintiff must allege (1) that the defendant possesses the right and ability to supervise the infringing conduct and (2) that the defendant has an obvious and direct financial interest in the infringing activity. *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004); August 6 Order at 7. While Moving Defendants do not here address the element of direct financial benefit, Plaintiff's amended complaint fails to allege facts sufficient to establish that Defendants have the right and ability to supervise the alleged infringing websites.

Again, the primary "new" fact Plaintiff offers in its amended complaint to establish that Defendants have the right and ability to supervise allegedly infringing activity of third party websites relates to provisions of the alleged CSI Merchant Agreement. The CSI Merchant Agreement, however, in no way establishes that Defendants have the right and ability to supervise the allegedly infringing conduct of third party websites. Any termination provision in that

1  agreement is irrelevant as this Court has already held that "Defendants' ability to rescind their
2  services does not indicate control over the websites' alleged infringing actions."  August 6 Order at
3  7.  For the same reason, any provision in that agreement that requires merchants to comply with all
4  relevant laws does not establish a right and ability to supervise infringing activity, as Defendants'
5  recourse is to terminate services if merchants fail to comply with that provision or to sue for breach
6  of contract.  The CSI Merchant Agreement does not give Defendant Cardservice International either
7  the right or the ability to supervise allegedly infringing activities of third party websites, and it does
8  not give that right or ability to the other Defendants who are not even party to the CSI Merchant
9  Agreement.
10         Amidst its allegations concerning the CSI Merchant Agreement Plaintiff also alleges
11 that: "[p]ursuant to Visa and MasterCard rules and regulations, and to the contractual rights they
12 insist upon, defendants direct merchants who accept their credit cards and who operate Internet
13 websites to alter or delete contents of such websites in order to comply with laws and/or Visa and
14 MasterCard rules, regulations and policies" and that "Defendants dictate what products and services
15 a merchant sells.  Merchants cannot sell different products without submitting a formal request to
16 defendants and receiving Defendants' express pre-approval."  Amended Complaint, ¶¶ 20, 24.
17        Although Defendants believe that these allegations are in fact false and in bad faith, a "Hail
18 Mary" pass to put Plaintiff over the pleading goal, even if they were true they would not sufficiently
19 allege Defendants' right and ability to control *infringing activity*.  In this case Plaintiff alleges that
20 Defendants provide critical support services to companies that offer subscriptions to web sites with
21 allegedly infringing content.  Even if one credits Plaintiff's allegation that Defendants require pre-
22 approval of products and services, or "dictate" what products a merchant can offer, in the current
23 context the services at issue are website subscriptions.  Notably, Plaintiff fails to allege that
24 Defendants direct any *infringing activity* whatever within those websites, that they pre-approve any
25 *infringing content,* or that they have any ability to affect or control infringing conduct by third
26 parties other than by terminating merchant status.  Moreover, as discussed above, under the
27
28 MPA OF MASTERCARD, FIRST DATA, CARDSERVICE,
AND HUMBOLDT SUPPORTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)                                    8                                        SF:92644.3

allegations and exhibits in the amended complaint, the most effective penalty Defendants can impose for violation of any directives is termination of merchant status, which this Court has already held does not indicate control over the websites' alleged infringing actions. August 6 Order at 7. *Even with the power to terminate merchant status, Defendants cannot deprive third parties of any "site and facilities," or instrumentality, of infringing conduct.* As noted in connection with the earlier motion, Defendants do not furnish or exercise supervision over any "site and facilities" or instrumentality of infringing reproduction activity; any preparation of derivative works; any distribution of copies to the public by sale or other transfer of ownership, rental, lease, or lending; any public performance; or any public display of copyrighted works. *Cf.* 17 U.S.C. § 106 (enumerated rights of copyright owner).

Plaintiff also alleges that "Visa and MasterCard have chosen to ignore the obvious illegality of each and every Stolen Content Website transaction that they review." Amended Complaint, ¶ 10. The Ninth Circuit expressly rejected this "blind eye" theory of liability in its recent *Grokster* decision, where the plaintiffs had argued that "'[t]urning a blind eye to detectable acts of infringement for the sake of profit gives rise to liability." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Inc.*, 2004 WL 1853717, * 8-9 (quoting *Napster I*, 239 F.3d at 1023). The *Grokster* Court expressly rejected this theory stating: "although that rhetoric has occasionally been employed in describing vicarious copyright infringement, there is no separate 'blind eye' theory or element of vicarious liability that exists independently of the traditional elements of liability." *Grokster*, 2004 WL 1853717, * 9.

Indeed, the entire thrust of Plaintiff's claims against Defendants is the allegation that Defendants have turned a "blind eye" to actions of merchants who use payment systems offered by Defendants. As noted in Defendants' original motion, Plaintiff's theory seeks to turn Defendants into police, prosecutor, judge, and jury of alleged infringements that take place across the entire Internet (and, by extension, across the entire range of commerce, since Defendants' payment systems extend far beyond Internet commerce). Plaintiff's theory seeks to force Defendants to impose an

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  effective boycott or blockade against other companies merely because Plaintiff has accused those
2  companies of infringements.  This proposed approach is unsupported by any law.  It is both
3  unworkable as a practical matter and is profoundly unwise as a policy matter.  Plaintiff's approach
4  creates vast risks of overenforcement, because companies like Defendants would be encouraged – by
5  threats of their own liability – to cut off business with companies merely because those companies
6  may have been accused, possibly wrongly, of infringement.  The effect would tend toward
7  unwarranted disruption of commerce. Plaintiff's proposal would conversely allows companies with
8  the greatest stake in the matter – those whose rights have allegedly been infringed – to offload onto
9  others the responsibilities for protecting their own interests while making no efforts to attack the
10 alleged problems directly.

11          Because Plaintiff has failed to allege facts sufficient to establish that Defendants have
12 the right and ability to supervise allegedly infringing conduct of third party websites, Plaintiff has
13 failed to state a cause of action for vicarious copyright infringement.

## B.      Plaintiff's Amended Complaint Again Fails to State a Claim for Trademark Infringement.

16          Plaintiff's second and third claims are for trademark infringement.  Amended
17 Complaint, ¶¶ 102-123.  Liability for secondary infringement is even narrower under trademark law
18 than under copyright law.  *Sony Corp. v. Universal City Studios, Inc*., 464 U.S. 417, 439 (1984);
19 August 6 Order at 9.  As with its copyright claims, Plaintiff alleges no facts that would support direct
20 trademark infringement and instead bases its claims on the conduct of third parties, some of whom it
21 alleges leave the "Perfect 10" mark on photographs allegedly copied from Plaintiff's website.
22 Amended Complaint, ¶ 109.  The Court properly dismissed Plaintiff's identical claims in granting
23 Defendants' motion to dismiss Plaintiff's original complaint.  As to Plaintiff's claim of contributory
24 trademark infringement, the Court stated:

25          In order to be liable for contributory trademark infringement, Defendants must have
            either "induce[d] a third party to infringe the plaintiff's mark or supplie[d] a product
26          to a third party with actual or constructive knowledge that the product is being used to

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE,
AND HUMBOLDT SUPPORTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)                    10                                    SF:92644.3

> infringe the [mark]" (citing *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 983 (9th Cir. 1999)). . . . Plaintiff has pled no facts indicating that Defendants induced the allegedly infringing websites to use Plaintiff's marks. . . . Likewise, Plaintiff has not pled facts indicating that Defendants supplied a product to the websites, knowing that the product would be used to infringe Plaintiff's mark. The only service Defendants supply is the ability to accept certain credit cards as payment, and this service has no apparent direct link to the alleged infringing activities

August 6 Order at 9. Because Plaintiff has alleged no new facts in its amended complaint that indicate that Defendants either induced a third party to infringe Plaintiff's mark or supplied a product to a third party knowing that it would be used to infringe Plaintiff's mark, Plaintiff has again failed to state a claim for contributory trademark infringement.

To state a claim for vicarious trademark infringement, Plaintiff must show that "Defendants and the infringers 'have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.'" August 6 Order at 9 (quoting *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1150 (9th Cir. 1992)). Plaintiff has alleged no new facts that would indicate that Defendants and the infringers have the kind of relationship sufficient to support a finding of vicarious trademark infringement. The provisions of the CSI Merchant Agreement in no way give Defendants or the alleged infringers authority to bind one another in transactions with third parties. Nor has Plaintiff alleged facts demonstrating any Defendant's partnership with any of the allegedly infringing third parties or joint ownership or control over the allegedly infringing third party websites. Accordingly, Plaintiff has again failed to state a claim for vicarious trademark infringement.

**C.     Plaintiff's Amended Complaint Again Fails To State A State Trademark Violation.**

The fourth claim in Plaintiff's amended complaint, for wrongful use of a registered mark under California Business & Professions Code § 14335, is also identical to that claim in its original complaint. Again Plaintiff has failed to allege that Defendants have ever used Plaintiff's mark, so the claim must be based upon a claim of secondary liability. Because, as set forth above,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Plaintiff has failed to allege facts sufficient to state a claim for secondary trademark liability, this claim too must fail.  *See* August 6 Order at 10.

### D. Plaintiff's Amended Complaint Again Fails to State a Claim for Violation of Publicity Rights.

Plaintiff's fifth claim is for violation of the right of publicity on an aiding and abetting theory.  Amended Complaint, ¶¶ 127-136.  As the Court made clear in its August 6 Order, however, "'[t]o establish aiding and abetting liability ... plaintiff must show that [Defendants] affirmatively participated in the [illegal] activities with the intent to facilitate them.' . . .  The fact that Plaintiff may have notified Defendants of illegal conduct is 'not sufficient to establish aiding and betting liability.'" August 6 Order at 10-11  (citing *Emery v. Visa Int'l Service Assoc.*, 95 Cal. App. 4th 952, 962 (2002)).  As recognized by the Court, Plaintiff failed to allege facts showing that Defendants affirmatively participated in the alleged infringing activities in its original complaint and has simply alleged no new facts that would support such a claim.

### E. Plaintiff's Amended Complaint Again Fails to State a Claim for Unfair Competition.

Plaintiff's sixth claim is for unfair competition under 15 U.S.C. § 1125(a), California Business & Professions Code §§ 17200 *et seq.*, and the common law.  Amended Complaint, ¶¶ 137-148.  As stated by the Court:

> [v]icarious liability, however, is precluded under the California unfair competition laws. . . .  A defendant's liability must be based on his personal participation. . . . Although [aiding and abetting liability] may be possible, Plaintiff has not alleged sufficient facts to support such a claim for the same reasons set forth in the preceding section.  Plaintiff has simply failed to allege facts indicating that Defendants assisted specifically in the unlawful conduct of the third parties.

August 6 Order at 11-12.  In realleging this cause of action Plaintiff has simply ignored the Court's order, in which it held that to support this claim Plaintiff must allege facts indicating that "Defendants assisted specifically in the unlawful conduct of the third parties."  August 6 Order at 11. Because Defendant has set forth no new facts that would support this claim, it too must fail.

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE,
AND HUMBOLDT SUPPORTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT) — 12 — SF:92644.3

1  **F.     Plaintiff's Amended Complaint Again Fails to State a Claim for False Advertising.**

2          Plaintiff's seventh claim is for false advertising under the common law and under California Business & Professions Code §§ 17200 *et seq*. The Court dismissed an identical claim in Plaintiff's original complaint, stating that "[f]or the same reasons set forth in the preceding sections concerning aiding and abetting liability, Plaintiff has failed to adequately state facts supporting a claim against Defendants for false advertising under either California law or the common law." August 6 Order at 12. As Defendant has alleged no new facts that would support a claim for false advertising, this claim must also fail.

25  ///

26  ///

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5894

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE, AND HUMBOLDT SUPPORTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)          13          SF:92644.3

## III. CONCLUSION

Plaintiff cannot escape the fact that its action is based upon wholly inadequate legal theories, namely that Defendants should be liable for doing business with, and supporting, alleged third-party infringers without actually contributing to, or controlling, the actual infringing activities of those third parties. The new inclusion of a Cardservice International merchant agreement, and allegations that through their contractual relationships Defendants either "dictate" or "preapprove" products or services, do not change the facts that (1) Defendants cannot affect or control any third parties' infringements by terminating merchant status and (2) Defendants do not furnish or control the "site and facilities" or instrumentalities of any third parties' alleged infringing conduct. Plaintiff has again failed to set forth facts sufficient to support its seven remaining causes of action. For these reasons, as set forth above, and as set forth in related arguments in Defendants' motion to dismiss the original complaint, the Court should grant Moving Defendants' motion and dismiss this action in its entirety with prejudice.

Dated: September 24, 2004         WINSTON & STRAWN LLP

By:      /s/   Andrew P. Bridges
ANDREW P. BRIDGES
Attorneys for Defendant
MASTERCARD INTERNATIONAL INCORPORATED

KEKER & VAN NEST, LLP

By:      /s/   Michael H. Page
ROBERT A. VAN NEST
MICHAEL H. PAGE
R. JAMES SLAUGHTER
Attorneys for Defendant
FIRST DATA CORP., CARDSERVICE INTERNATIONAL, INC., and HUMBOLDT BANK

Andrew P. Bridges attests that he has obtained the concurrence of the signatory indicated above.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

MPA OF MASTERCARD, FIRST DATA, CARDSERVICE,
AND HUMBOLDT SUPPORTING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT
Case No. C 04 0371 JW (PVT)                 14                          SF:92644.3