Perfect 10, Inc. v. Visa International Service Association et al Doc. 60


Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

WINSTON & STRAWN LLP
Andrew P. Bridges - #122761
Jennifer A. Golinveaux - #203056
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys For Defendant
MASTERCARD INTERNATIONAL INCORPORATED

(Additional counsel on second page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PERFECT 10, INC., a California corporation,

Plaintiff,

vs.

VISA INTERNATIONAL SERVICE ASSOCIATION; FIRST DATA CORP., a corporation; CARDSERVICE INTERNATIONAL, INC., a corporation; MASTERCARD INTERNATIONAL INCORPORATED, a corporation; HUMBOLDT BANK, a national banking association; and DOES 1 through 100, inclusive,

Defendants.

Case No. C 04 0371 JW (PVT)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES OF DEFENDANTS MASTERCARD INTERNATIONAL INCORPORATED, FIRST DATA CORP., CARDSERVICE INTERNATIONAL, INC., AND HUMBOLDT BANK**

Date: January 31, 2005
Time: 9:00 a.m.
Dept: Courtroom 8, 4th Floor
Judge: Honorable James Ware



Dockets.Justia.com

KEKER & VAN NEST, LLP
Robert A. Van Nest - #84065
Michael H. Page - #154913
R. James Slaughter - #192813
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
FIRST DATA CORP.; CARDSERVICE INTERNATIONAL, INC.;
and HUMBOLDT BANK

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..................................................................ii

I. INTRODUCTION .......................................................................... 2

II. FACTUAL SUMMARY ...................................................................... 3

III. ARGUMENT .............................................................................. 5

A. Defendants are Entitled to Costs, Including Reasonable Attorneys' Fees, As Prevailing Parties in an Action Brought Under the Copyright Act. ...................... 5

1. The Legal Standard For Awarding Attorneys' Fees in a Copyright Action ........................................................................................ 5

2. The Supreme Court's Fogerty Factors Support Awarding Defendants' Attorneys' Fees As a Part of Costs. ........................................................ 6

a. Defeating Plaintiff's Claims Furthered the Purposes of the Copyright Act. ................................................................................ 6

b. Plaintiff's Claims Were Objectively Unreasonable. ...................... 8

c. Plaintiff's Decision to File a First Amended Complaint Was Not Only Objectively Unreasonable, but Frivolous. ..................... 9

d. An Award of Attorneys' Fee Would Deter Plaintiff, and others like Plaintiff, From Filing Similar Actions. ...................... 10

B. Defendants are Also Entitled to Reasonable Attorneys' Fees As Prevailing Party in an Action under the Lanham Act. ........................................................ 11

1. The Legal Standard For Awarding Attorneys' Fees in a Trademark Action. ........................................................................................ 11

2. Defendants are Entitled to an Award of Attorneys' Fees Under the Lanham Act. ............................................................................... 12

a. Plaintiff's Claims Were Groundless and Unreasonable. .............. 12

b. Plaintiff's Amended Claims Were Pursued in Bad Faith. ............ 13

C. The Court Should Award the Entire Requested Amount of Reasonable Attorneys' Fees. .................................................................................... 14

D. Defendants' Requests for Attorneys' Fees are Reasonable. ................................ 16

1. The Calculations of Reasonable Attorneys' Fees for Defendants First Data Corp., Cardservice, Inc. and Humboldt Bank. ................................ 16



i

2. The Calculations of Reasonable Attorneys' Fees for Defendant MasterCard. .......... 17

IV. CONCLUSION .......... 18

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# TABLE OF AUTHORITIES

## CASES

*A&M Records v. Napster*, 239 F.3d 1004 (9th Cir. 2004) ....... 8, 9

*Apple Computer, inc. v. Microsoft Corp.*, 35 F.3d 1435, 1448 (9th Cir. 1994) ....... 5

*Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863 (8th Cir. 1994) ....... 11

*Assessment Technologies, LLC v. WIREData, Inc.*, 361 F.3d 434 (7th Cir. 2004) ....... 6

*Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390 (6th Cir. 2004) ....... 9

*Cairns v. Franklin Mint Co.*, 292 F.3d 1139 (9th Cir. 2002) ....... 11, 13

*Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994) ....... 6, 8, 9, 10

*Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210 (9th Cir. 2003) ....... 11, 13

*Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004) ....... 8

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997) *cert. denied*, 523 U.S. 1021 (1998) ....... 9, 15

*Estate of Blas v. Winkler*, 792 F.2d 858 (9th Cir. 1986) ....... 14

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553 (9th Cir. 1996) ....... 6, 8

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ....... *passim*

*Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) ....... 8

*Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000) ....... 15

*Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143 (9th Cir. 1992) ....... 13

*Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117 (8th Cir. 1987) ....... 11

*Hedges v. Resolution Trust Corp.*, 32 F.3d 1360 (9th Cir. 1994). ....... 14

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .......... 15, 16

*Historical Research v. Cabral*, 80 F.3d 377 (9th Cir. 1996) .......... 3

*Horphag Research Ltd v. Pellegrini*, 337 F.3d 1036 (9th Cir. 2003) .......... 11

*Hughes v. Novi American, Inc.*, 724 F.2d 122 (Fed. Cir. 1984) .......... 9

*Jackson v. Axton*, 25 F.3d 884 (9th Cir. 1994) .......... 6

*Lieb v. Topstone Industries, Inc.*, 788 F.2d 151 (3rd Cir. 1986) .......... 5, 6

*Lockheed Martin v. Network Solutions*, 194 F.3d 980 (9th Cir. 1999) .......... 12

*Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996) .......... 6, 10

*Mattel, Inc. v. Walking Mountain Productions*, 2004 WL 1454100 (C.D. Cal. 2004) .......... 9, 10

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 380 F.3d 1154 (9th Cir. 2004), *cert. granted*, 2004 WL 2289054 (2004) .......... 7, 8

*Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521 (D.C.Cir. 1985) .......... 11, 12

*Peoro v. Eisenman*, 793 F.2d 1048 (9th Cir. 1996) .......... 14

*Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821 (9th Cir. 1997) .......... 11

*Traditional Cat Assoc., Inc. v. Gilbreath*, 340 F.3d 829 (9th Cir. 2003) .......... 16

*Wages v. Internal Rev. Srvc.*, 915 F.2d 1230 (9th Cir. 1990), *cert. denied*, 408 U.S. 1096 (1991) .......... 14

## FEDERAL STATUTES

15 U.S.C. 1117(a) .......... 3, 11

17 U.S.C. § 505 .......... 3, 5

28 U.S.C. § 1927 .......... 14

28 U.S.C. § 1338(b) .......... 15

28 U.S.C. § 1367(a) ........................................................................................................15

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Defendants MasterCard International Incorporated; First Data Corp.; Cardservice International, Inc.; and Humboldt Bank seek an award of their fees and costs in connection with this action.[1]

This case involved a highly unusual, and extremely aggressive, complaint by a pornographer against companies that provide or participate in some of the most important and largest payment systems in the world. As is well known to the Court in this case, the Plaintiff sought to impose vast new liabilities -- and, to avoid liabilities, new duties -- on providers of global payment systems in order to force those providers to become guardians of copyright and trademarks on the Internet.

Success by Plaintiff in this case would have sent shock waves around the world because the ultimate issue was not limited to payment system providers, or to the Internet, or to the United States. Any business or person providing what Plaintiff referred to as "critical business support" to an alleged infringer -- whether the alleged infringer is in the United States or even, as suggested by Plaintiff, in Bulgaria or Vanuatu -- would have been swept into danger by Plaintiff's theory of the case.

Copyright law is not boundless. It does not authorize a copyright holder to impress other businesses into its army of enforcement. It does not authorize a copyright holder to erect a commercial blockade around companies that are merely accused of copyright infringement. It does not forbid persons from doing business with accused infringers where those persons do not themselves contribute to, or control, any of the allegedly infringing conduct.

The judgment in favor of defendants in this case did not deny plaintiff any copyright rights or any enforcement powers, which the plaintiff is free to pursue against actual infringers. The defense of this case preserved the reasonable and appropriate bounds of copyright law against plaintiff's assaults, and in doing so it has protected providers of

[1] Defendant Visa International Service Association filed its own motion and supporting papers on December 15, 2004.

important e-commerce platforms and systems from risks that would impede the development of important commerce.

Because the defense of this case against a sophisticated, aggressive, and highly litigious plaintiff served the important public interest of respecting the boundaries of copyright law, the Court should award defendants their full fees and expenses. Because this case was also "exceptional" within the meaning of the Lanham Act for similar reasons, as well as for the reason that Plaintiff steadfastly pleaded the wrong standard for secondary trademark infringement, an award is justified under the Lanham Act as well.

## I. INTRODUCTION

Plaintiff Perfect 10, Inc. ("Plaintiff") is a sophisticated company that has aggressively litigated numerous copyright and trademark cases as part of a coordinated business strategy, claiming to have spent over $8 million in other litigation to date. Complaint, ¶ 24, Amended Complaint, ¶ 39. While Plaintiff may have enjoyed some success in other cases, it pushed the envelope too far in this litigation. As the Court is well aware, in this case Plaintiff tried to hold providers of content-neutral financial services secondarily liable for the alleged copyright and trademark infringements of third-party websites. This was a case without precedent in which Plaintiff tried to take copyright and trademark law where it has no reason to go.

At its core, this case suffered from a poverty of facts or legal theories that could justify the suit. Plaintiff never alleged (because it could not allege) any connection between the financial services provided by Defendants and the alleged infringing conduct of the third-party websites. As a result, the Court dismissed Plaintiff's original complaint for failure to allege facts sufficient to state a claim. At the hearing on the first motion to dismiss, Plaintiff assured the Court that it could allege facts that demonstrated that Defendants materially contributed to and had the ability to control the allegedly infringing conduct. Plaintiff's amended complaint, however, was a dry retread of its original complaint that made no such allegations. Indeed, Plaintiff's amended complaint was so similar in substance to the original complaint that it led the Court to wonder aloud at the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

hearing on the second motion to dismiss why Plaintiff had even bothered to file an amended complaint. Not surprisingly, the Court dismissed the amended complaint with prejudice.

In these circumstances, in which Plaintiff has pursued a calculated, aggressive copyright and trademark litigation strategy without any basis in law or fact, an award of reasonable attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505, and the Lanham Act, 15 U.S.C. 1117(a), is appropriate.

## II. FACTUAL SUMMARY

Plaintiff filed this action on January 28, 2004. Plaintiff's original Complaint was detailed and voluminous, spanning 155 paragraphs of allegations and nearly 500 pages of exhibits. Plaintiff's principal claims were based on alleged violation of the Copyright Act and Lanham Act, though it also alleged state law causes of action for violation of rights of publicity, unfair competition, libel, and intentional interference of prospective economic advantage based on the same facts and theories.

Plaintiff publishes a magazine and websites for adult entertainment. Plaintiff alleged that third-party websites violate its copyrights and trademarks by using its images without permission. Rather than sue those third parties directly, Plaintiff took the unprecedented step of suing the Defendants in this lawsuit—all content neutral providers of financial services—on the theory that, without Defendants, the third-party websites could not operate and that therefore Defendants were secondarily liable for the alleged infringements of the third-party websites.

Defendants moved to dismiss the Complaint in its entirety for failure to allege facts sufficient to state any claim because Plaintiff did not allege that Defendants materially contributed to the infringing activity (rather than just the general business) of the third party websites or that Defendants had the ability to control the websites' infringing activity. The Court heard Defendants' motion on July 9, 2004. The Court indicated from the bench that the alleged facts did not support any recognized theory of liability and questioned whether Plaintiff could allege additional material facts that would support a claim for relief. At the hearing, Plaintiff's counsel assured the Court that, if given the opportunity to amend,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Plaintiff could allege additional facts showing that Defendants materially contributed to, and had the right to control, the third parties' infringing conduct. On August 6, 2004, the Court issued an order dismissing Plaintiff's Complaint, but giving it leave to amend on most causes of action.

Plaintiff filed its Amended Complaint on September 7, 2004. Plaintiff did not live up to the assurances it gave to the Court. Rather, its Amended Complaint covered the same ground as the original Complaint. Indeed, much of the Amended Complaint was identical to the original Complaint. For instance, Plaintiff did not change its factual allegations concerning its trademark claim at all. Defendants once again moved to dismiss, making the same arguments they had made in response to the original Complaint. At the November 15, 2004, hearing on the second motion to dismiss, the Court questioned why Plaintiff had bothered filing an amended complaint since it had not added any materially different or new factual allegations. Plaintiff's counsel frankly admitted at the hearing that he filed the Amended Complaint notwithstanding his better legal judgment to assuage his client.

Faced with an Amended Complaint that was functionally identical to the original Complaint, the Court dismissed the Amended Complaint with prejudice from the bench. The Court then issued a written order on December 3, 2004, that concluded "Plaintiff has failed to allege that Defendants aided and abetted the [third party websites] in any way." December 3, 2004 Order at 11. As a result, the Court dismissed the First Amended Complaint "in its entirety, with prejudice." Id. The Court entered judgment in favor of all Defendants on the same day.

Following the hearing on the second motion to dismiss, counsel representing each Defendant met and conferred with counsel for Plaintiff regarding attorneys' fees. Declaration of Michael H. Page ("Page Decl.") ¶ 2; Declaration of Andrew P. Bridges ("Bridges Decl.") ¶ 19. Plaintiff's counsel indicated that his client would not agree to pay any attorneys' fees and agreed that the parties had completed meeting and conferring on the question. Page Decl., ¶ 2, Bridges Decl., ¶ 19.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## III. ARGUMENT

### A. Defendants are Entitled to Costs, Including Reasonable Attorneys' Fees, As Prevailing Parties in an Action Brought Under the Copyright Act.

#### 1. The Legal Standard For Awarding Attorneys' Fees in a Copyright Action

The Copyright Act of 1976 ("Copyright Act") provides, in pertinent part, that in any copyright action, the court in its discretion "may allow the recovery of full costs by or against any party…[and] the court may award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. 505.

In *Fogerty v. Fantasy, Inc.*, 515 U.S. 517 (1994), the Supreme Court rejected the "dual standard" approach by which plaintiffs were more likely to recover their attorneys' fees than defendants, holding that "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Id.* at 527. The Supreme Court overruled the prior Ninth Circuit standard that required the prevailing defendant to show frivolousness or bad faith on the part of the plaintiff. *Id.* at 521. According to the Supreme Court, a successful defense of a copyright infringement action "may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.* at 527. As a result, prevailing defendants are entitled to recover attorneys' fees, in the Court's discretion. *Fogerty*, 510 U.S. at 534; *see also Apple Computer, inc. v. Microsoft Corp.*, 35 F.3d 1435, 1448 (9th Cir. 1994) (noting that Supreme Court's decision in *Fogerty* permits the district court greater discretion to award attorneys' fees to prevailing defendants).

In *Fogerty*, the Supreme Court highlighted a list of nonexclusive factors to guide a district court's exercise of discretion in awarding attorneys' fees, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534, n.19; *citing Lieb v. Topstone Industries, Inc.*, 788

F.2d 151, 156 (3rd Cir. 1986). Not all factors must be met to support an award of attorneys' fees. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). Nor should the court use them to restrict awards of attorneys' fees to cases where the losing party was somehow culpable or acted in bad faith, since "blameworthiness is not a prerequisite to awarding fees to a prevailing defendant." *Id.* Indeed, exceptional circumstances are *not* a prerequisite to an award of attorneys' fees in copyright actions. *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996); *see also Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890-891 (9th Cir. 1996) (granting attorneys' fees to defendants for successfully defending against copyright claim).

Judge Posner of the Seventh Circuit Court of Appeals recently wrote that "[w]hen the prevailing party is the defendant,…the presumption in favor of awarding fees is very strong." *Assessment Technologies, LLC v. WIREData, Inc.*, 361 F.3d 434, 439 (7th Cir. 2004), *citing Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994). "For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Assessment Technologies*, 361 F.3d at 439.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

### 2. The Supreme Court's *Fogerty* Factors Support Awarding Defendants' Attorneys' Fees As a Part of Costs.

Plaintiff pursued an aggressive copyright litigation strategy against providers of content-neutral financial services without any basis in law or fact. As discussed below, the factors set forth by the Supreme Court in *Fogerty* implicated by Plaintiff's lawsuit support an award of attorneys' fee to the prevailing parties. *See Fogerty*, 510 U.S. at 534, n.19; *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994).

#### a. Defeating Plaintiff's Claims Furthered the Purposes of the Copyright Act.

Plaintiff asserted in its lawsuit new theories of copyright liability that would have not merely authorized, but would compelled, a commercial blockade of companies merely upon their being accused of infringement. Plaintiff sought to expand exponentially the reach of

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

the doctrines of contributory and vicarious copyright infringement in a manner contrary to binding precedent, turning those who do business with alleged infringers into police officers, investigators, prosecutors, judges, juries, and punishers of the alleged infringement. The Ninth Circuit recently stated that this type of legal "renovation" of the copyright law would not only be unwise, but it would "alter general copyright law in profound ways with unknown ultimate consequences outside the present context." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 380 F.3d 1154, 1166 (9th Cir. 2004), *cert. granted*, 2004 WL 2289054 (2004).

Defendants successfully defeated this attempt to reconfigure copyright law. The Court's December 3, 2004 Order dismissed Plaintiff's contributory copyright claim with prejudice, stating that Plaintiff's request that the Court "hold that mere economic influence over a copyright infringer constitutes contributory infringement" would "set a dangerous precedent." December 3, 2004 Order at 5. Similarly, the Court dismissed Plaintiff's vicarious copyright claim with prejudice stating that "[e]conomic influence is not the type of 'control' over infringing activity which vicarious copyright infringement addresses." *Id.* at 6-7.

Defendants' meritorious copyright defenses furthered the purpose of the Copyright Act by preventing Plaintiff from obscuring or obliterating the established boundaries of copyright protection. *See Fogerty*, 510 U.S. at 527 ("Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible."); *Grokster*, 380 F.3d at 1167 ("It is prudent for courts to exercise caution before restructuring liability theories for the purpose of addressing specific market abuses, despite their apparent present magnitude. [¶] Indeed, the Supreme Court has admonished us to leave such matters to Congress.") If permitted to proceed, Plaintiff's theory would have adversely affect the public's access to creative works by deterring third parties from providing financial or other services to Internet businesses upon a mere allegation that those businesses engaged in unrelated infringement. As Defendants prevailed in defeating

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Plaintiff's attempt to exponentially expand the doctrines of contributory and vicarious copyright infringement beyond governing precedent, it is within the Court's discretion to award attorneys' fees. *See Fogerty*, 94 F.3d at 559-560.

**b. Plaintiff's Claims Were Objectively Unreasonable.**

Plaintiff's claims were objectively unreasonable, failing twice to plead any legally cognizable cause of action. Objective reasonableness is one factor districts courts consider in deciding whether to award fees under the Copyright Act. *See Fogerty*, 510 U.S. 517, 533, n.19. A court can determine that a plaintiff has acted objectively unreasonable when pursuing an infringement action that is utterly without merit. *See Diamond Star*, 30 F.3d at 506 (concluding that in a meritless infringement action, the objective reasonableness factor strongly weighed in favor of awarding attorneys' fees and costs to defendant).

Plaintiff pursued causes of action that clearly could not meet the appropriate legal tests for contributory or vicarious copyright infringement. *See* December 3, 2004 Order at 4-7. Plaintiff premised both of its copyright infringement claims upon "Defendants' *economic* influence over the Stolen Content Websites." *Id.* at 5. The Court ultimately dismissed all of Plaintiff's claims with prejudice noting that "Plaintiff has failed to plead that Defendants actually aided and betted the Stolen Content Websites in their illicit activities in any way." *Id.* at 11.

Plaintiff pursued a theory of contributory copyright infringement without any allegations that Defendants contributed to the infringing activities. Plaintiff's allegations focused on Defendants' alleged "economic influence," ignoring the legal requirement that a contributory copyright infringer must aid the infringing conduct itself. *See* December 3, 2004 Order at 6*; see also Grokster*, 380 F.3d at 1163; *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996).

Plaintiff also pursued a theory of vicarious copyright infringement despite the lack of any prerequisite right or ability by Defendants to control the infringing activity. *See* December 3, 2004 Order at 6-7; *see also Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); *Grokster*, 380 F.3d at 1165; *A&M Records v. Napster*, 239 F.3d 1004, 1023 (9th Cir.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2004). This Court noted that "[u]nder the facts alleged in Plaintiff's First Amended Complaint, Defendants simply do not 'control' the infringing activity." December 3, 2004 Order at 7.

Plaintiff's theories were contrary to settled copyright law, making Plaintiff's copyright claims objectively unreasonable. *See Mattel, Inc. v. Walking Mountain Productions*, 2004 WL 1454100 (C.D. Cal. 2004) (finding that the plaintiff's theory was clearly without merit and contrary to settled law); *see Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 405-6 (6th Cir. 2004) (affirming award of attorney fees and costs to defendants in case where district court found the plaintiffs' failure to dismiss meritless claims objectively unreasonable). Plaintiff's objectively unreasonable claims justify an award of attorneys' fees.

**c. Plaintiff's Decision to File a First Amended Complaint Was Not Only Objectively Unreasonable, but Frivolous.**

Plaintiff filed an amended complaint asserting materially identical copyright theories rejected in the first instance. In dismissing the copyright claims with prejudice, the Court noted that Plaintiff's First Amended Complaint was "not drastically different from its original complaint." Dec. 3, 2004 Order at 4. The Court added that Plaintiff's amended allegations failed to "materially differ from Plaintiff's averment in its original complaint" and, thus, suffered from "the same infirmities as its original Complaint." *Id.*

Plaintiff's decision to pursue claims premised on legal theories expressly rejected by this Court was frivolous, and supports an award of attorneys' fees. *See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021 (1998) (upholding award of fees to party defending against two copyright causes of action since it was objectively unreasonably to maintain baseless claims); *Hughes v. Novi American, Inc.*, 724 F.2d 122, 125 (Fed. Cir. 1984) (stating that the fact that plaintiff and its lawyer knew that the plaintiff's copyright claims were not valid is a factor meriting an award of attorneys' fees). "Indeed, when a party has pursued a patently frivolous position, the failure of a district court to award attorney's fees and costs to the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

prevailing party will, except under the most unusual circumstances, constitute an abuse of discretion." *Diamond Star*, 30 F.3d at 506.

By reiterating theories already soundly rejected by this Court, Plaintiff forced Defendants to endure another round of briefing. Plaintiff's attempt at a "second bite of the apple" completely contradicted the legal principles set forth in the Court's first order, and, if not frivolous, was at least legally unreasonable. *See Mattel*, 2004 WL 1454100 at *2 (Plaintiff's claims were frivolous, as they were not in an unsettled area of law and had little likelihood of success); *see also Maljack*, 81 F.3d at 890 (filing a copyright case that completely contradicted contract at issue was, if not frivolous, at least unreasonable).[2]

**d. An Award of Attorneys' Fee Would Deter Plaintiff, and others like Plaintiff, From Filing Similar Actions.**

Finally, the need for deterrence in this case is abundantly clear. Deterrence is an additional factor districts courts should consider in deciding whether to award fees under the Copyright Act. *See Fogerty*, 515 U.S. 517, 533, n.19. Plaintiff is aggressively pursuing ancillary targets rather than pursuing the alleged infringers located in countries around the world. The Court has deemed Plaintiff's attempt to sue third parties with "economic influence" on alleged infringers as contrary to the law, and an award of attorneys' fee would help deter Plaintiff from attacking other third parties. *See Maljack*, 81 F.3d at 890 (noting that fee award in case where defendant obtained total success in defending against copyright claims may deter baseless suits).

There is a virtually unlimited number of potential plaintiffs that can allege some sort of copyright infringement using the Internet or other technologies. Plaintiff's theories would have allowed them to sue countless companies for doing business with alleged (not proven) infringers. If they succeeded in shifting policing and enforcement burdens from themselves to others, and to create an easy economic blockade based on fear of litigation, the result

[2] Plaintiff's counsel made various statements to co-counsel, the press and to this Court that also suggest the filing of the Amended Complaint was groundless and frivolous. *See* Declaration of Mark T. Jansen in support of Defendant Visa's Motion for An Award of Attorneys' Fees, ¶¶ 9, and 11-12.

would have been intolerable. The Court should make it clear that the price of pursuing such a legally unwarranted and far-fetched outcome is that a plaintiff must bear the costs of defense. Awarding attorneys' fees in this action would put other potential plaintiffs on notice that there are consequences to filing such hyper-aggressive lawsuits that lack factual and legal support and that seek such an appalling outcome.

**B. Defendants are Also Entitled to Reasonable Attorneys' Fees As Prevailing Party in an Action under the Lanham Act.**

**1. The Legal Standard For Awarding Attorneys' Fees in a Trademark Action.**

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In authorizing awards of attorneys' fees for successful defendants in trademark actions, the Lanham Act is intended to "provide protection against unfounded suits brought by trademark owners for harassment and the like." *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir. 1987), *citing* S.Rep. No. 93-100, 93d Cong., 2d Sess.

The Ninth Circuit Court of Appeals has held that this requirement is met when the case is *either* groundless, unreasonable, vexatious, *or* pursued in bad faith. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002); *see also Horphag Research Ltd v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003). "While a finding that a losing party has acted in bad faith may provide evidence that the case is exceptional, other exceptional circumstances may warrant a fee award." *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1217 (9th Cir. 2003), *citing Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 827 (9th Cir. 1997). A case can also be considered "exceptional" if it is "uncommon, not run-of-the-mill." *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 526-527 (D.C.Cir. 1985); *see also Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 877 (8th Cir. 1994) ("Succinctly put, an exceptional case within the meaning of Section 35 is one in which one party's behavior went beyond the pale of acceptable behavior.")

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**2. Defendants are Entitled to an Award of Attorneys' Fees Under the Lanham Act.**

**a. Plaintiff's Claims Were Groundless and Unreasonable.**

Plaintiff's arguments supporting its contributory and vicarious trademark infringement claims parallel those supporting its copyright claims. *See* December 3, 2004 Order at 7. These claims are similarly groundless and unreasonable, as Plaintiff again advocated legal theories unsupported by any applicable legal precedent. *Id.* at 7-10.

Plaintiff pursued a claim that clearly could not meet the appropriate legal test for contributory trademark infringement. *See* December 3, 2004 Order at 7-8. Plaintiff premised its contributory trademark infringement claims upon the theory that Defendants' "*economic* influence over an infringer constitutes contributory infringement." *Id.* at 8. Plaintiff ignored the legal requirement that in order to be liable for contributory trademark infringement, the Defendants must have either "induce[d] a third party to infringe the plaintiff's mark or supplie[d] a product to a third party with actual or constructive knowledge that the product is being used to infringe the [mark]." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 983 (9th Cir. 1999); December 3, 2004 Order at 8. Plaintiff failed to offer any legal or factual support that Defendants directly control the instrumentalities used to infringe Plaintiff's mark. *See* December 3, 2004 Order at 8. Plaintiff's contributory trademark infringement theory ignored settled law, making Plaintiff's case not only unusual, but "exceptional." *See Noxell*, 771 F.2d at 527 (noting that a case was exceptional when plaintiff pursued a course that was contrary to a Supreme Court decision precisely on point).

Moreover, in the August 5, 2004 Order, the Court noted that the language of Plaintiff's complaint "indicates that Plaintiff [erroneously] believed the standard for contributory trademark infringement to be the same as that for contributory copyright infringement." August 5, 2004 Order. The Plaintiff ignored basic, well-understood differences between copyright and trademark law in both its original and amended complaints.



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Similarly, Plaintiff pursued a theory of vicarious trademark infringement contrary to settled law. Plaintiff alleged that Defendants were liable for vicarious trademark infringement for providing financial services to the alleged "Stolen Content Websites," despite the lack of any apparent or actual partnership wherein each has the authority to bind one another in transactions with third parties. *See* December 3, 2004 Order at 10-11; *see also Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992).[3] This court noted that "Defendants' mere processing of credit card transactions does not bind the Stolen Content Websites to 'provide promised products' to their patrons." December 3, 2004 Order at 7.

Plaintiff's theories not only lacked legal support, but, as noted above, the allegations in the Complaint addressed the wrong standard altogether. *See* August 5, 2004 Order at 9-10. Plaintiff's decision to pursue these trademark claims under the facts as alleged was groundless and unreasonable. *See Cairns*, 292 F.3d at 1156 (affirming award of fees to defendant where district court found that plaintiff's trademark claims were groundless and unreasonable because that lacked a legal basis)*; see also Earthquake Sound Corp.*, 352 F.3d at 1218 (stating that claims of good faith are unavailing in case where the trademark infringement issue was not close). Moreover, Plaintiff's counsel are experienced and well versed in the relevant law, making Plaintiff's failure to adhere to the law all the more significant. For these reasons, Plaintiff's action was an "exceptional case" meriting an award of attorneys' fees under the Lanham Act.

**b. Plaintiff's Amended Claims Were Pursued in Bad Faith.**

Not only did Plaintiff pursue groundless claims, Plaintiff did so twice. As stated above, Plaintiff filed a first amended complaint that did not "materially differ from Plaintiff's averment in its original complaint" and, thus, suffered from "the same infirmities as its original Complaint." December 3, 2004 Order at 4. Plaintiff abused the leave granted by this Court by filing an amended complaint that remained inconsistent with the binding legal

[3] The Court's August 5, 2004 Order noted that Plaintiff's once again seemed "to be pleading to the wrong legal standard." August 5, 2004 Order at 10.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

precedent set forth in the Court's August 5, 2004 Order. As Defendants pointed out in their second motion to dismiss, Plaintiff made absolutely no changes to its trademark claims in its Amended Complaint. It was not only unreasonable for Plaintiff to file an amended complaint that was materially the same as previously rejected allegations, but it is also indicative of bad faith.

Moreover, Plaintiff's filing of a meritless Amended Complaint rises to the level of bad faith under 28 U.S.C. § 1927. Under this statutory provision, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In the Ninth Circuit, a district court must find bad faith in order to assess attorneys' fees under 28 U.S.C. § 1927. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). The district court may infer the requisite bad faith from the baselessness of a party's argument. *Peoro v. Eisenman*, 793 F.2d 1048, 1051 (9th Cir. 1996); *see also Estate of Blas v. Winkler*, 792 F.2d 858, 869 (9th Cir. 1986) (noting that "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument").

Plaintiff's counsel filed a nearly identical Amended Complaint that failed to address the Court's specific concerns. *See* December 3, 2004 Order at 4. This clearly evidences bad faith in unreasonably multiplying the proceedings in this case. *See Wages v. Internal Rev. Srvc.*, 915 F.2d 1230, 1235 (9th Cir. 1990), *cert. denied*, 408 U.S. 1096 (1991) (holding that a plaintiff that filed an amended complaint "that did not materially differ from one which the district court had already concluded did not state a claim" evidenced bad faith in multiplying the proceedings in this case unreasonably and vexatiously.")

### C. The Court Should Award the Entire Requested Amount of Reasonable Attorneys' Fees.

Defendants are entitled to recover all of the fees incurred as Plaintiff's state claims were inextricably intertwined with the related and predominate copyright and trademark claims. A party entitled to attorneys' fees as a prevailing party on a particular copyright

claim can recover attorneys' fees for "related claims." *Entertainment Research Group*, 122 F.3d at 1230. Similarly, a prevailing party in a trademark action can recover attorneys' fees for claims so "intertwined" with the Lanham Act claims "if is impossible to differentiate between the work done on claims." *See Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000).

In cases where a plaintiff's claims for relief involve a common core of facts or are based on related legal theories, "such a lawsuit cannot be viewed as a series of discrete claims." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The Supreme Court noted that in these instances, "[m]uch of counsel's time will be devoted generally to the litigation as a whole making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* The district court need not apportion a fee award in instances of interrelated facts and legal theories. *Id.* at 438.

In this case, Plaintiff asserted a variety of state law claims that Plaintiff cannot deny are related to Plaintiff's copyright and trademark infringement claims. The original complaint included claims for trademark disparagement; wrongful use of a registered mark; violation of right to publicity; unfair competition; false and misleading advertising; libel; injunctive relief; and intentional interference with prospective economic advantage. Plaintiff alleged that the Court had jurisdiction over the state law claims pursuant to 28 U.S.C § 1338(b) and the "principles of pendent jurisdiction." Complaint, ¶ 1; Amended Complaint, ¶ 1. In order to invoke the original jurisdiction of 28 U.S.C. § 1338(b), Plaintiff's claim of unfair competition must be "joined with a substantial and *related* claim under the copyright…or trademark laws." 28 U.S.C. § 1338(b) (emphasis added). The principles of pendent jurisdiction permit district courts to have "supplemental jurisdiction over all other claims that *are so related to claims in the action* with such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution." 28 U.S.C. § 1367(a). Plaintiff's allegations regarding jurisdiction confirm that Plaintiff's unfair competition and other state claims are related to the copyright and trademark actions.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Even without this admission, it is clear that all of Plaintiff's claims were based on the same set of factual allegations in both the original and amended complaints. *See, generally,* Complaint, ¶¶1-72 and Amended Complaint, ¶¶1-84. The Court has also recognized that Plaintiff's claims were premised on the same legal theory: "Defendants' contracts with the Stolen Content Websites, Defendants' internal rules and regulations, and Defendants' economic influence over the Stolen Websites render Defendants complicit in the Stolen Content Websites' illicit activities." December 3, 2004 Order at 10.[4] With all of the claims based on identical facts and related, if not identical, legal theories, the extensive overlap would make it would be impossible to precisely differentiate work done between claims. Bridges Decl., ¶ 15; Page Decl., ¶ 7. Even if the amount of time dedicated to claims other than copyright and trademark claims could be calculated, it would be proportionally insignificant. Bridges Decl., ¶ 15, Page Decl., ¶ 7.

**D. Defendants' Requests for Attorneys' Fees are Reasonable.**

Once the Court has determined that Defendants are entitled to an award of attorneys' fees as prevailing parties, it must compute the amount of the reasonable attorneys' fee award. *Traditional Cat Assoc., Inc. v. Gilbreath*, 340 F.3d 829, 832 (9th Cir. 2003) (copyright); *Cairns*, 292 F.3d at 1157 (trademark). The Supreme Court has stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by the reasonably hourly rate." *Hensley*, 461 U.S. at 433. Defendants have individually set forth their reasonable attorneys' fees below.

**1. The Calculations of Reasonable Attorneys' Fees for Defendants First Data Corp., Cardservice, Inc. and Humboldt Bank.**

This lawsuit raised serious risks to Defendants First Data Corporation, CardService International and Humboldt Bank (“First Data”). If Plaintiff had been successful, First Data, CardService International and Humboldt—all intermediaries in the world of online

---

[4] As discussed in detail in Visa's Motion for An Award of Attorneys' Fees and Costs, a review of the briefs, oral argument and court orders in this matter reveal that the primary focus in this case has been Plaintiff's copyright and trademark theories.



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

commerce—would have each had obligation to screen the internet for copyright and trademark violations in order to remain in business. As a result, First Data hired counsel with extensive experience in litigating copyright and trademark matters to defend this potentially devastating action. Page Decl., ¶ 4. First Data's counsel took a significant role in preparing all briefs involving First Data and prepared for and argued both motions to dismiss. *Id.*, ¶ 7.

As a result, First Data incurred $180.853.10 in attorneys' fees and $18,805.90 in costs. The supporting documentation required by Local Rule 54-5(b), including a statement of services detailing the hours billed by Defendant First Data's counsel in this case and their hourly rates, is attached to the Page Declaration as Exhibits A-C. This documentation is summarized from contemporaneously prepared time records. *See* Page Decl., ¶¶ 3-4. The requested rates are in line with those prevailing in the San Francisco Bay Area for lawyers with similar skill and experience. *Id.*, ¶ 4. A copy of First Data's Bill of Costs, submitted pursuant to Civil Local Rule 54-1, is also attached to the Page Declaration as Exhibit E.

**2. The Calculations of Reasonable Attorneys' Fees for Defendant MasterCard.**

Plaintiff's lawsuit would have significantly altered the intellectual property landscape, exposing MasterCard to significant potential liability and forcing MasterCard to police the Internet in order to stay in business. To protect its interests, MasterCard hired counsel with significant experience handling intellectual property issues like those raised by this lawsuit. Bridges Decl., ¶ 5. MasterCard's counsel took a significant role in preparing all briefs involving MasterCard, as well as preparing for and conducting oral argument on both motions to dismiss. *Id.* ¶ ¶ 7-8.

As a result, MasterCard incurred $228,056.00 in attorneys' fees and $4498.70 in costs. *Id.* The supporting documentation required by Local Rule 54-5(b), including a summary of the hours billed by Defendant MasterCard's counsel in this case and their hourly rates and a summary of disbursements and costs is attached to the Bridges Declaration as Exhibits H and I. This documentation is summarized from contemporaneously prepared

time records. *See* Bridges Decl., ¶ ¶ 10-11. The requested rates are at or lower than the customary rates charged by MasterCard's counsel in similar intellectual property litigation and are in line with those prevailing in the San Francisco Bay Area. ¶ 16. A copy of MasterCard's bill of costs, submitted pursuant to Civil Local Rule 54-1, is also attached to the Bridges Declaration as Exhibit J.

## IV. CONCLUSION

For the reasons set forth above, as well as the both of this Court's Orders granting Defendants' Motions to Dismiss, and Visa's Motion for an Award of Attorneys' Fees, Defendants are entitled to attorneys' fees as part of costs under the Copyright Act. Defendants also request that the Court award attorneys' fees related to the trademark claims, as this case is "exceptional" under the Lanham Act as defined by the relevant authority. Defendants request an award including all of the fees incurred as Plaintiff's state law claims are related and intertwined to Plaintiff's copyright and trademark claims. These moving Defendants request full reimbursement of their fees and costs as set forth in their respective bills of costs.

Respectfully submitted,

Dated: December 17, 2004 WINSTON & STRAWN LLP

By: /s/ Andrew P. Bridges
ANDREW P. BRIDGES
JENNIFER A. GOLINVEAUX
Attorneys for Defendant
MASTERCARD INTERNATIONAL
INCORPORATED

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

KEKER & VAN NEST, LLP

By: /s/ Michael H. Page
ROBERT A. VAN NEST
MICHAEL H. PAGE
R. JAMES SLAUGHTER
Attorneys for Defendant
FIRST DATA CORP., CARDSERVICE INTERNATIONAL, INC., and HUMBOLDT BANK

Andrew P. Bridges attests that he has obtained the concurrence of the signatory indicated above.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894